# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Shaun Brown, Individually and as Personal Representative of the Estate of Tommy Lee Brown, | CIVIL ACTION NO.: 3:25-cv-12132-MGL |
| *Plaintiff,* | **COMPLAINT** |
| vs. | *(Federal Tort Claims Act)* *(Gross Negligence/Negligence)* *(Jury Trial Requested)* |
| United States of America, | |
| *Defendant.* | |

The Plaintiff, Shaun Brown, by and through his undersigned counsel, hereby brings this Action with the following claims against Defendant United States of America and would respectfully show unto this Honorable Court the following:

## PARTIES

1.  The Plaintiff, Shaun Brown, is a United States citizen and resident of the County of Richland, State of South Carolina. Additionally, Shaun Brown is the duly appointed Personal Representative of the Estate of Tommy Lee Brown (hereinafter Decedent), having been so appointed by the Richland County Probate Court on the 24th day of April, 2024, under Case No. 2024ES4000574.

2.  United States of America ("United States") is the Defendant per 28 U.S.C. § 1346(b), 28 U.S.C. § 2671, et. seq., and 38 U.S.C. § 7316 as it delivers medical services through the Department of Veteran Affairs and its employees at the William Jennings Bryan Dorn Veteran Affairs Medical Center (hereinafter, the "VA") in the County of Richland, South Carolina.

3.  United States is the proper Party-Defendant in this action pursuant to the Federal

Tort Claims Act ("FTCA") for a claim seeking money damages for personal injuries and/or death caused by the grossly negligent or wrongful acts and omissions of one or more federal government employees while acting within the scope of their federal employment. 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671, et. seq. (collectively, the "FTCA"). Specifically, Plaintiff's allegations of gross negligence herein are against the VA hospital and its providers, employees and/or contractors who were in charge of Mr. Brown's medical care from December 1, 2023 to December 8, 2023. Upon information and belief, the following is a list of VA providers (not including nursing staff) who treated Mr. Brown during his December 1-8, 2023 admission in question:

- Dr. Brown James McCallum (**Attending-Internal Medicine**),
- Dr. Marcus Raymond Lewis (**Attending-Internal Medicine**),
- Dr. Elliot George Martin (**Hospitalist-Internal Medicine**),
- Dr. Michael Dale Cook (**Nephrologist- Staff Physician**),
- Dr. Naveed Iqbal (**Nephrologist Physician**)
- Dr. Mohammed Naim Wallam (**Chief-Oncology/Hematology**)
- Dr. Joseph Gaskins (**Psychiatry**)
    - Dr. Samuel Hudson Elliott (**Resident**),
    - Dr. Olivia Langford Yessin (**Resident**),
    - Dr. Logan Burge Carlyle (**Resident**),
    - Dr. Abbie DeMarris West (**Resident**),
    - Dr. John Shea McLaughlin (**Resident**),
    - Dr. Andrew Michael Moser (**Resident**)
    - Dr. Tyler Steele Mandel (**Medical Student**)

Upon information and belief, Decedent's two documented "attending" physicians, Dr. Brown McCallum and Dr. Marcus Lewis, were at all times referenced herein were employees of the VA, a "federal agency," as defined under the FTCA.

## JURISDICTION AND VENUE

4. This action is brought against United States pursuant to the FTCA for the acts and omissions by its agents and/or employees to include but not limited to those referenced above arising out of medical services delivered to the Decedent at the VA from December 1, 2023 to December 8, 2023. This Court has jurisdiction over the matter pursuant to the FTCA.

5.  The employees of the VA were acting on behalf of a federal agency in an official capacity, temporarily or permanently, with or without compensation as specified in 28 U.S.C. §§ 1346 (b)(1), FTCA, and 38 U.S.C. §7365, and as such were acting within the scope of their employment.

6.  At the times of the medical treatment described herein, Decedent was a resident of Richland County, South Carolina.

7.  Plaintiff timely submitted Claims for Damages (commonly referred to as a Standard Form 95) to the US Department of Veteran Affairs on May 29, 2024 (Exhibit A).

8.  On June 5, 2024, the US Department of Veteran Affairs received Plaintiff's tort claim noting the ability to file suit in federal district court after six (6) months. (Exhibit B). This action is being brought pursuant to that directive.

9.  Plaintiff has exhausted the administrative remedies as required under the FTCA, thereby authorizing Plaintiff to file this action pursuant to 28 U.S.C. §2675.

10. Venue is proper in this Court under 28 U.S.C. §1346(b)(1) and 28 U.S.C. §1402 because the acts and/or omissions complained of herein occurred in whole or in part in Richland County, South Carolina, which is within the Columbia Division of the United States District Court for the District of South Carolina.

11. Liability is additionally determined in accordance with the state laws in the place of occurrence (*i.e.*, the State of South Carolina), federal laws and regulations, patient's bill of rights, and other, where these acts and/or omissions occurred.  28 U.S.C. §1346; *Richards v. U.S.*, 369 U.S. 1. 11-13 (1962).

**FACTUAL ALLEGATIONS**

12. On December 1, 2023, Decedent was a 73-year-old African American male admitted to the VA in Columbia, SC for treatment of multiple myeloma, diabetes and renal

disorder.

13. During Decedent's admission, his condition declined requiring both urgent and emergent care that the VA failed to provide him- either by their own providers or by transferring the Decedent to another facility in a timely manner.

14. Decedent's treatment team consisted primarily of Residents overseen by two attending internal medicine physicians, Dr. Brown McCallum and Dr. Marcus Lewis. Upon information and belief, Dr. McCallum and Dr. Lewis were VA employees during this admission and were rendering services to Mr. Brown within the scope of their federal employment.

15. Per the records, "staffing issues" contributed to the VA's failure to provide him appropriate life-saving care in their ICU. The records also indicate a lack of initiative taken by VA staff to attempt to stabilize the Decedent when he became critically ill and/or in need of cardiac intervention.

16. Specifically, Mr. Brown suffered cardiac events to include a possible MI with upward trending troponin levels that required intervention to stabilize him. The VA's website declares that it provides not only primary care services but specialty health services including cardiology, surgery, extended care and more. The VA's failure to provide qualified physicians to treat the Decedent's condition throughout his admission, to include physicians willing to even *attempt* to stabilize and/or resuscitate him when he required it was grossly negligent and causative of his death.

17. Dr. McCallum ordered the Decedent to be transferred to Prisma Health's Heart Hospital on the evening of December 8, 2023. However, the call to ALS Medshore (Advanced Life Support Ambulance) was not made until 9:12pm as a **non-emergent call.** This **non-emergent classification** was grossly negligent and further delayed lifesaving care to the Decedent on December 8, 2023.

18. Medshore records document that they received the **non-emergent call** at

4

9:11pm, responded to the VA at 11:12pm, arrived at the Decedent at 11:37pm, left the VA at 12:05am, and transferred patient care to Prisma at 12:23am.

19. At the time Mr. Brown left the VA, he was clearly not stable for transport. The VA staff failed to make even the *slightest* attempt to stabilize him before releasing him to MedShore which amounts to a gross breach in the acceptable standard of medical care. At a minimun, there should have been a call made by the attending staff to send a qualified provider in the ambulance with him.

20. Not surprisingly, Mr. Brown's condition continued to decline while in route to Prisma's Heart Hospital. Upon arrival to the hospital, Mr. Brown required CPR in the hallway and was ultimately pronounced deceased at 12:59am on December 9, 2023. Mr. Brown's cause of death (per his autopsy) was ruled an acute MI due to hypertensive and atherosclerotic cardiovascular disease.

21. From December 1-8th, 2023 there were a number of opportunities (separate and distinct occurrences as referenced above) for the VA to have provided life-saving care to Mr. Brown or to have transferred him out earlier than the night of December 8, 2023. No attempt was made to stabilize or resuscitate Mr. Brown while in the VA prior to his transport and records reflect a sense of desperation to discharge Mr. Brown out of their care.

22. The above-referenced gross negligence and failures in providing medical care to Mr. Brown directly and proximately caused his death on December 9, 2023.

### FOR A FIRST CAUSE OF ACTION AS TO ALL DEFENDANTS
### MEDICAL NEGLIGENCE – SURVIVAL
### (Gross Negligence/Negligence)

23. Each and every allegation of fact stated above is re-alleged herein as if restated verbatim.

24. The above set forth incident and decedent's resulting injuries and death were proximately caused by the grossly negligent, negligent, and reckless acts of these Defendants in the following particulars:

   a. Failure to properly care for and treat the Decedent;

   b. Failure to recognize signs and symptoms of Decedent's medical emergency;

   c. Failure to consult the appropriate specialists and/or physicians regarding Decedent's condition in a timely manner;

   d. Failure to operate and/or treat the Decedent in a timely manner when indicated;

   e. Failure to monitor the Decedent appropriately;

   f. Failure to follow acceptable standards of medical care;

   g. Failure to adhere to policies and procedures in place regarding treatment of Decedent's medical condition;

   h. Failure to staff the VA with providers willing, capable and able to care for Mr. Brown's condition once admitted under their care

   i. Failure to hire, retain, and train staff to respond to medical urgencies and emergencies and like Mr. Brown's in a timely manner;

25. As a further result, and because of the Defendants' grossly negligent conduct, which ultimately caused the conscious pain, suffering, and death of Tommy L. Brown, the Plaintiff is entitled to ACTUAL and CONSEQUENTIAL damages in an amount to be determined by a jury in accordance with the law and evidence in this case.

**FOR A SECOND CAUSE OF ACTION**
**AS TO ALL DEFENDANTS**
**(Wrongful Death)**

26. The Plaintiff reiterates each and every relevant allegation stated above as if repeated verbatim herein.

27. This action is brought for the wrongful death of Tommy Lee Brown, pursuant to the provisions of § 15-51-10 et seq., Code of Laws of South Carolina (1976, as amended), and is brought for the statutory heirs of Tommy Lee Brown, who died on the 9th day of December, 2023.

28. The death of the Decedent was directly and proximately caused and occasioned by the grossly negligent acts on behalf of the Defendants as set forth above.

29. By reason of Mr. Brown's untimely death, his heirs have been deprived of all the benefits of his society and companionship and have been caused great mental shock and suffering by reason of his death. They have and will forever be caused grief and sorrow by the loss of the decedent's love, society, and companionship. They have been deprived of his future experiences and judgments. They have incurred expenses for his funeral and final expenses and, as a result of the foregoing, they have been damaged as follows:

   (a)  mental shock and suffering;

   (b)  wounded feelings;

   (c)  grief and sorrow;

   (d)  loss of his support;

   (e)  loss of companionship;

   (f)  funeral costs and expenses; and

   (g)  deprivation of the use and comfort of the Decedent's society and loss of his experience, knowledge, and judgment.

30. As a further result, and because of the Defendants' grossly negligent conduct, which ultimately caused the wrongful death of Tommy Lee Brown, the Plaintiff is entitled to ACTUAL and CONSEQUENTIAL DAMAGES in an amount to be determined by a jury in accordance with the law and evidence in this case.

WHEREFORE, Plaintiff, in his fiduciary capacity as Personal Representatives of the Estate of Tommy Lee Brown, prays judgment against the Defendant, for ACTUAL and CONSEQUENTIAL damages, for the costs of this action, and for such other and further relief as the Court may deem just and proper.

*s/Lauren Knight Slocum, Esq.*
Lauren Knight Slocum, Esq., SC BAR 101280
Elliott, Phelan, Kunz & Slocum, LLC
P.O. Box 1405
Georgetown, SC  29442
Telephone: (843) 546-0650
ATTORNEYS FOR THE PLAINTIFF

September 4, 2025
Georgetown, SC